IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00135-REB-KLM

HEALTHTRIO, LLC, a Colorado limited
liability company,

       Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a Connecticut
corporation,

       Defendant.

---

**PROTECTIVE ORDER**

---

Upon ~~a showing of good cause in support~~ *request of the parties for* of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, or which will expose and endanger any non-public personal information, trade secrets and/or other confidential or proprietary business, financial or competitive information, IT IS ORDERED: *[initials: KLM]*

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential, a trade secret and/or consists of or contains confidential or proprietary business, financial or competitive information, and/or implicates common law and statutory privacy interests of HealthTrio, LLC and Travelers Property Casualty Company of America ("Travelers"), their employees, Travelers' policyholders, and HealthTrio, LLC's customers. 15 U.S.C. § 6801 *et seq.* (providing that financial institutions have an affirmative and continuing obligation to respect the privacy of their customers and to protect the security and confidentiality of those customers' nonpublic personal information); *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720-21 (Colo. 1999) (recognizing the confidentiality of employee information); Fed. R. Civ. P. 26(c)(1)(G) (recognizing that trade secrets and commercial information may be subject to a protective order). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

 (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) the parties and designated representatives for the entity defendant, as well as their accountants, auditors and reinsurers;

 (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) deponents, witnesses, or potential witnesses; and

 (h) other persons by written agreement of the parties.

 5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within the later of thirty (30) days after: (i) notice by the court reporter of the completion of the transcript, and (ii) entry of this Protective Order by the Court.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, or make some other request as permitted by the practice standards of the Magistrate Judge, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion or other request is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. Notwithstanding any other provisions in this Protective Order, a party to this action may retain any files or documents containing information protected by this Protective Order: (a) as long as necessary as may be required by statute, regulation, or rule; or (b) as long as necessary in order to satisfy obligations to reinsurers and to make reinsurance recoveries. A party to this action that retains documents pursuant to subparagraphs (a) or (b) hereunder shall promptly so advise the producing party of its intention. A party to this action and its counsel may retain their work product, court filings, and official transcripts and exhibits containing CONFIDENTIAL information, provided that the party continues to treat them in the manner provided herein.

11. Plaintiff shall have 30 days from the date of entry of this order in which to designate as CONFIDENTIAL specific documents that Plaintiff has previously produced

in this action. Plaintiff may designate a specific document that it has previously produced in this action as CONFIDENTIAL by serving a letter on Defendant identifying each such specific document (by bates number or other specific identifying information) that is to be designated CONFIDENTIAL.

12. In addition, Documents that were marked on the face of the document with a "confidential" stamp and produced discovery in the action entitled, *HealthTrio, LLC v. University of Miami*, Case No. 12-cv-21166, United States District Court, Southern District of Florida ("Underlying Lawsuit") shall be treated as CONFIDENTIAL in this action without any further action. Documents that were not marked on the face of the document with a "confidential" stamp when produced in the Underlying Lawsuit may be designated confidential in this action pursuant to Paragraphs 6, 7, and 11.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: September 8, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge