IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00135-REB-KLM

HEALTHTRIO, LLC, a Colorado limited liability company,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Order Suspending Consideration of Defendant's Partial Summary Judgment Motion and Authorizing Supplemental Briefing Based Upon Defendant's Failure to Submit a Genuine and Complete Document** [#71][1] (the "Motion"). Defendant filed a Response [#90]. Plaintiff has not filed a reply and its deadline to do so has elapsed. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for disposition [#77]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#71] is **DENIED**.

---

    [1] "[#71]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

## I. Background

On April 25, 2014, Defendant filed its Motion for Partial Summary Judgment [#28] (the "MSJ"), which attached as Exhibit 1 what, at the time, Defendant described as "the policy on which [Plaintiff] is basing its claims . . . ." *MSJ* [#28] at 2-3. Notably, Defendant attached an April 23-24, 2014 email exchange between the parties' counsel to the MSJ. *See generally MSJ, Ex. 7* [#28-7]. In that email exchange, Plaintiff's counsel stipulated to the authenticity of the portion of the insurance policy attached to the MSJ as Exhibit 1 [#28-1], among other documents. *MSJ, Ex. 7* [#28-7] at 1. On April 25, 2014, Defendant filed its MSJ [#28]. On June 2, 2014, Plaintiff filed its response to the MSJ [#37] and on June 19, 2014, Defendant filed its reply in further support of the MSJ [#39]. In its response to the MSJ, Plaintiff relied on and cited to the version of the insurance policy attached to the MSJ as Exhibit 1. *See Response to MSJ* [#37] at 3-5, 12-14. At no point in the response to the MSJ did Plaintiff question the authenticity or accuracy of the version of the insurance policy attached to the MSJ as Exhibit 1.

On October 28, 2014, Plaintiff filed the instant Motion, arguing that the insurance policy attached to the MSJ as Exhibit 1 is "an incomplete and inaccurate copy of the document that is the subject of this litigation." *Motion* [#71] at 1. Plaintiff requests that the Court "suspend any further consideration of" the MSJ and order further briefing of the MSJ. *Id.* at 3-4.

On October 31, 2014, Defendant filed its Notice of Substitution of Exhibit 1 to its Motion for Partial Summary Judgment (ECF No. 28) [#74] (the "Notice"), which stated that Exhibit 1 to the MSJ "is an uncertified abridgement of Plaintiff's [package] insurance policy with [Defendant]." *Notice* [#74] at 1. It further explained that the "abridged version includes

only the Cyberliability coverage forms on which the [MSJ] relies; it omits various irrelevant provisions from the full package policy." *Id.* at 2. Defendant maintains that the "substitution of exhibits does not affect any of the policy provisions or forms relied on by the parties in the briefing on the [MSJ]. The Cyberliability coverage forms from the original Exhibit 1 contain true and accurate provisions from the full package policy." *Id.* at 2-3 (emphasis omitted).

Plaintiff filed an Opposition [#79] to the Notice arguing that the substituted policy attached to the Notice "is not the 'full policy'." *Opposition* [#79] at 3. In sum, Plaintiff argues that "[t]here is no single version of the insurance policy issued to [Plaintiff] in [Defendant's] business records." *Id.* Plaintiff further argues that the substituted version of the policy is not a true and accurate copy of the insurance policy. *Id.* at 5. Finally, Plaintiff maintains that because the original abridged version of the insurance policy did not contain certain portions of the full policy, the substitution of the unabridged version affects the briefing of the MSJ. *Id.* at 5-6. Specifically, Plaintiff argues that the Colorado Mandatory Endorsement "conflicts with [Defendant's] arguments that it can deny indemnity to [Plaintiff]." *Id.* at 6. Plaintiff also argues that the Common Policy Conditions are key in determining the issues raised in the MSJ. *Id.* at 6-7.

## II. Analysis

In its Response, Defendant argues that Plaintiff's stipulation to the authenticity of the abridged version of the policy originally attached to the MSJ as Exhibit 1 is a judicial admission and, therefore, the Motion should be denied. *Response* [#90] at 10-11.

"Judicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing with the need for proof of the fact." *Guidry v. Sheet Metal*

*Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir. 1993) (internal quotation marks omitted). "'[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended.'" *Grynberg v. Bar S Servs., Inc.*, 527 F.App'x 736, 739 (10th Cir. June 11, 2013) (quoting *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990)). Judicial admissions may also be made through stipulation of the parties. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *Ferguson v. Neighborhood Housing Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986). The Seventh Circuit has explained judicial admissions in these terms:

> Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.' Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6726 (Interim edition); *see also* John William Strong, *McCormick on Evidence* § 254, at 142 (1992). A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. *Id.* When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission. Michael H. Graham, *Federal Practice and Procedure* § 6726, at 536-37.

*Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995).

Here, Plaintiff was provided with the abridged version of the policy that was originally submitted as Exhibit 1 to the MSJ on April 23, 2014. *Response, Ex. 1* [#90-1] at 2. On April 24, 2014, Plaintiff's counsel sent an email to Defendant's counsel stating "I do stipulate to the authenticity of the documents that you described in your email below." *MSJ, Ex. 7* [#38-7] at 1. In addition, as noted above, in its response to the MSJ, Plaintiff relied on the abridged version of the policy originally attached to the MSJ as Exhibit 1. Further, the first numbered fact in the "Pertinent Facts" section of the Plaintiff's response

4

states:

> HealthTrio is the named insured under Travelers liability insurance policy TT06302972 (the "Policy") with a term of October 1, 2009 to and including October 1, 2010. **Motion at p. 2, ¶1, <u>Exhibit 1</u>.** The Policy is a standard form liability insurance policy drafted and commonly used by Travelers. *Id.*

*Response to MSJ* [#37] at 3. In its response to the MSJ, Plaintiff does not raise any arguments regarding any provisions of the insurance policy that were not included in the abridged version originally attached to the MSJ as Exhibit 1. It was not until more than four months later that Plaintiff raised any issue regarding the abridged version of the insurance policy. Based on the law and Plaintiff's stipulation, the Court agrees with Defendant that, to the extent Plaintiff's Motion is based on its argument that the abridged version of the policy is not authentic, Plaintiff's Motion must be denied.

Further, Plaintiff's complaints regarding the original Exhibit 1 are moot because the full version of the insurance policy was submitted to the Court through the Notice. Therefore, to the extent Plaintiff believes that the abridged version of the policy misled the Court in anyway, such concern should be ameliorated by the filing of the Notice and its attachment.

Finally, to the extent Plaintiff argues that the Common Policy Conditions and the Colorado Mandatory Endorsement are key to its defense against summary judgment and that the Court should allow additional briefing on the MSJ, Plaintiff offers no legal basis for the requested relief and the request appears to simply be Plaintiff's attempt to offer new arguments that it failed to address in its response to the MSJ. The Local Rules of this Court allow a party 21 days to file a response to a motion. D.C.COLO.LCivR 7.1(d). In this case, Defendant agreed to extend Plaintiff's deadline to respond from May 19, 2014 to

June 2, 2014.  *See Minute Order* [#36] at 1 (granting Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Partial Summary Judgment).  Plaintiff offers no argument that it was not aware of the contents of the full insurance policy when it was drafting its response to the MSJ and Defendant provides an email showing that Plaintiff was provided with a full version of the insurance policy on April 23, 2012—more than two years prior to Plaintiff's deadline to respond to the MSJ.  Therefore, the instant Motion appears to be Plaintiff's attempt at a second bite at the apple with regards to its response to the MSJ.  The Court will not condone such tactics.

### III. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED**.

Dated:  December 24, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge